LETTS, Judge.
The question is whether there was prima facie evidence of extortion, the trial court being of the opinion that there was not when it granted a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss. We reverse.
In Matthews v. State, 363 So.2d 1066 (Fla.1978), cert. denied, 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 276 (1979), our supreme court enunciated that “in order for a demand and threat to be actionable under our extortion statute, it must be calculated to coerce the victim’s acquiescence ‘in order to prevent the threat from being carried out.’ ”
With this definition in mind, we are of the opinion that the threats involved here were more than adequate to state a prima facie case of guilt.
We have not enunciated the facts because we see no reason to memorialize the ugly and disgusting language employed. Suffice it to say, this cause is reversed.
REVERSED AND REMANDED.
ANSTEAD and GUNTHER, JJ., concur.